# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>DEL HODGES KIMBALL,<br>[DOB: 2/26/1967]<br><br>                Defendant. | No. 21-00006-01-CR-W-BP<br><br>**COUNT ONE:**<br>***(Bankruptcy Fraud)***<br>18 U.S.C. § 157<br>NMT 5 Years Imprisonment<br>NMT $250,000 Fine<br>NMT 3 Years Supervised Release<br><br>$100 Mandatory Special Assessment |

# **I N F O R M A T I O N**

THE UNITED STATES ATTORNEY CHARGES THAT:

## **GENERAL ALLEGATIONS**

At all times relevant to this Information:

1. On August 5, 2015, three of Del Kimball's creditors filed an involuntary bankruptcy petition against Kimball (Case No. 15-042262-can) and against Sam Furseth, Kimball's partner (Case No. 15-042263) in the Western District of Missouri. The three creditors also filed an involuntary bankruptcy petition in a separate but related case against the partners' administrative limited liability company, LTS, a payday lending company. Kimball was a principal and equal partner with Furseth of LTS and had personally guaranteed certain loans to the company. The claims of the three creditors totaled in excess of $15,000,000 of which Kimball and Furseth guaranteed $7,500,000. Kimball did not contest the bankruptcy and filed his first bankruptcy statements and schedules on or about September 29, 2015.

2. Petitions, schedules, and statements of affairs (SOFAs) in bankruptcy require the debtor to disclose financial information such as assets, income, and transfers for two years before the

bankruptcy petition is filed and while the bankruptcy is ongoing, thus transactions Mr. Kimball conducted from August 2013 through January 2018, when his discharge was denied, are relevant to his bankruptcy case if the activity related to assets and liabilities on or before the filing and through January 2018. By July 6, 2016, Kimball had filed at least six amended schedules and five amended statements of affairs. The United States Bankruptcy Trustee filed a complaint to deny Kimball's discharge on March 10, 2017.

3. Kimball testified at meetings of creditors on November 18, 2015, December 14, 2015, January 5, 2016, and January 14, 2016. Kimball was deposed under oath on September 25, 2017, and testified at the trial on January 11, 2018.

4. The Bankruptcy Court conducted a trial over the complaint to deny Kimball's discharge on January 11, 2018. After the trial, United States Bankruptcy Judge Cynthia Norton, issued her ruling on January 18, 2018, that Kimball had transferred property with the intent to hinder, delay, or defraud creditors, made numerous false oaths in connection with this bankruptcy case, and concealed property from the bankruptcy estate. Judge Norton found that the evidence was "overwhelming" that Kimball made statements under oath, that were false, that he knew were false, that he made with fraudulent intent, and that were material. (Tr. Judgment; D.E. 66, p. 31.) She accordingly denied Kimball's discharge of debts.

**Manner and Means of the Scheme**

5. Del Kimball engaged in a scheme to defraud the Bankruptcy Court by concealing assets and claims against third parties, and by making false statements and material omissions regarding his assets and financial transfers to and from third parties.

6. Kimball submitted at least seven sets of schedules and six SOFAs, all under penalty of perjury. He was warned many times by the bankruptcy trustee to include all assets, all gifts and

transfers, all bank accounts, and all claims against third parties. Nevertheless, he omitted to disclose the items listed below on at least his first four sets of schedules and SOFAs. In some instances, he never disclosed the items during the bankruptcy process.

7. As an example of items never disclosed, Kimball omitted at least $19,000 in transfers to a relative, disclosing only $4,000.

8. Kimball omitted transfers to Claw Consulting, LLC, a single member LLC wholly owned by him, with no employees nor debt. Kimball established a bank account for Claw Consulting, and caused the bank statements to be mailed to an attorney at the attorney's business address in order to stash income and proceeds of sales he wanted to conceal from creditors.

## COUNT ONE

9. Paragraphs 1 - 8 of this Information are re-alleged and incorporated by reference as if fully set forth herein.

10. Beginning on or about September 25, 2015, and continuing to on or about January 11, 2018, in the Western District of Missouri and elsewhere, defendant DEL HODGES KIMBALL, with the intent to defraud and having devised or intending to devise a scheme or artifice to defraud the United States Bankruptcy system and for the purpose of executing such scheme or artifice, made false representations and material omissions either expressly or by implication, including at least two in his bankruptcy schedules and at least one in his financial Statements of Affairs, including;

Schedules

1. Undervalued collectibles by $24,000;

2. Omitted claims against third parties in the amount of $18,311.60.

3

<u>Statements of Affairs</u>

1. Omitted gifts and transfers to relatives and insiders from 2013-2015 in the amount of at least $69,000;

All in violation of Title 18, United States Code, Section 157.

                                        Timothy A. Garrison
                                        United States Attorney

By:    */s/ Kathleen D. Mahoney*

              Kathleen D. Mahoney
              Assistant United States Attorney

Dated: <u>January 18, 2021</u>
         Kansas City, Missouri