IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>DEL HODGES KIMBALL,<br><br>      Defendant. | Case No. 21-00006-01-CR-W-SRB |

**GOVERNMENT'S RESPONSE IN SUPPORT
OF TRUSTEE'S MOTION TO OBTAIN GRAND JURY MATERIAL**

  The United States of America, by and through its undersigned counsel, supports the United States Bankruptcy Trustee's Motion Pursuant to Federal Rule of Criminal Procedure 6(e) to Obtain Grand Jury Records. (D.E. 20, 21.) In response to the request, the United States offers the following suggestions:

  1. On January 19, 2021, defendant Del Hodges Kimball waived his right to indictment and entered a guilty plea to a one-count information before the Honorable District Court Judge Beth Phillips. On February 2, 2021, Judge Phillips recused herself from the case and it was re-assigned to the Honorable District Court Judge Steven R. Bough. Sentencing is set June 23, 2021.

  2. As the Bankruptcy Trustee notes in her motion and suggestions, Federal Rule of Criminal Procedure 6(e)(3)(E)(i) permits the disclosure of a grand jury matters "preliminarily to or in connection with a judicial proceeding." A party requesting grand jury information must show the need "with particularity" so that "the secrecy of the proceedings [may] be lifted

discreetly and limitedly." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 221 (1979) (citing *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958)).

3. The purpose of Rule 6(e) is to protect the inner workings of the grand jury, so the more a document reveals about that work, the more protection it deserves. *In Re Grand Jury Investigation*, 55 F.3d 350, 353-54 (8th Cir.1995) (citing *In re Grand Jury Proceedings Relative to Perl*, 838 F.2d 304, 306-07 (8th Cir.1988)). Materials generated independently of the grand jury reveal little about the investigation and require a reduced showing of need. *Id.* at 354. Grand jury transcripts or minutes are entitled to the greatest protection under Rule 6(e). *Id.*

4. The Bankruptcy Trustee seeks only financial records obtained by grand jury subpoena which require a reduced showing of need. Since she does not seek witness testimony transcripts or grand jury minutes, the inner workings of the grand jury are not implicated. Further, Mr. Kimball has pled guilty and the grand jury investigation is complete, so the need for secrecy is greatly reduced.

WHEREFORE, the Government supports the Trustee's request and asks that this Court grant the request with the limitations that she take reasonable steps to keep the records confidential and destroy any records obtained at the conclusion of defendant's bankruptcy cases.

    Respectfully submitted,

    Teresa A. Moore
    Acting United States Attorney

By    */s/ Kathleen D. Mahoney*
    Kathleen D. Mahoney
    Assistant United States Attorney

    Charles Evans Whittaker Courthouse
    400 East Ninth Street, Suite 5510
    Kansas City, Missouri 64106
    Telephone: (816) 426-3122

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was delivered on April 6, 2021, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

                                                    */s/ Kathleen D. Mahoney*
                                                    Kathleen D. Mahoney
                                                    Assistant United States Attorney